UNITED STATES BANKRUPTCY COURT

DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| IN RE:<br>Bennie Edward Jefferies,<br><br>　　　　　　DEBTOR(S)<br><br>120 Sunrise Road, Spartanburg SC  29302<br><br>Last four digits of Social-Security or Individual Tax-Payer-Identification (ITIN) No(s)., (if any): 0523 | CASE NO: 18-05645-hb<br>CHAPTER 13 |

**NOTICE OF CONFIRMATION HEARING**

　　The debtor(s) in the above captioned case filed a chapter 13 plan on February 11, 2019. The plan is attached, or will be separately mailed to you by the debtor(s).

　　**<u>Your rights may be affected by the plan</u>. You should read the plan carefully and discuss it with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

　　Any objection to confirmation of the chapter 13 plan must be filed with the Court at 1100 Laurel Street, Columbia, SC 29201-2423 and served on the chapter 13 trustee, the debtor(s), and any attorney for the debtor(s) at least seven days prior to the confirmation hearing. Objections to confirmation may be overruled if the objecting party fails to appear and prosecute the objection. If no objection is timely filed, the plan may be confirmed on recommendation of the trustee.

　　The confirmation hearing will be held on March 14, 2019, at 10:00 a.m.,

Location: 201 Magnolia Street, Spartanburg SC  29306

　　<u>If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the plan and may enter an order confirming the plan.</u>

Date: February 11, 2019　　　　　　　　　　/s/ David C. Gaffney  
　　　　　　　　　　　　　　　　　　　　　Gaffney Law Firm, P.A.  
　　　　　　　　　　　　　　　　　　　　　PO Box 3966  
　　　　　　　　　　　　　　　　　　　　　West Columbia SC  29171-3966  
　　　　　　　　　　　　　　　　　　　　　Attorney for the Debtor  
　　　　　　　　　　　　　　　　　　　　　District Court ID 10112  
　　　　　　　　　　　　　　　　　　　　　david@gaffneylawfirm.com

Fill in this information to identify your case:

| | | |
|---|---|---|
| Debtor 1 | **Bennie Edward Jefferies** | |
| | First Name   Middle Name   Last Name | |
| Debtor 2 | | |
| (Spouse, if filing) | First Name   Middle Name   Last Name | |
| United States Bankruptcy Court for the: | **DISTRIBUTION OF SOUTH CAROLINA** | |
| Case number: | **18-05645** | |
| (If known) | | |

☑ Check if this is a modified plan, and list below the sections of the plan that have been changed.

☑ Pre-confirmation modification
☐ Post-confirmation modification

Paragraph 1 is amended by changing 1.2 to "not included. Paragraph 2.1 is modified to increase the plan pmt beginning in month 3 to $1090, and in month four to $1150. Paragraph 3.3 is modified to add the treatment of OneMain. Paragraph 3.4 is modified to remove the treatment of OneMain.

District of South Carolina

# Chapter 13 Plan

12/17

## Part 1:   Notices

**To Debtor(s):** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstances. Plans that do not comply with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, this Court's local rules, and judicial rulings may not be confirmable.

*In the following notice to creditors, you must check each box that applies*

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.

You should read this plan carefully and discuss it with your attorney if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one. Failure to object may constitute an implied acceptance of and consent to the relief requested in this document.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, pursuant to Federal Rule of Bankruptcy Procedure 3002, you must file a timely proof of claim in order to be paid under any plan. Confirmation of this plan does not bar a party in interest from objecting to a claim.

The following matters may be of particular importance. **Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

| | | | |
|---|---|---|---|
| 1.1 | **A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor** | ☐ Included | ☑ Not Included |
| 1.2 | **Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4.** | ☐ Included | ☑ Not Included |
| 1.3 | **Nonstandard provisions, set out in Part 8.** | ☐ Included | ☑ Not Included |
| 1.4 | **Conduit Mortgage Payments: ongoing mortgage payments made by the trustee through plan, set out in Section 3.1(c) and in Part 8** | ☐ Included | ☑ Not Included |

## Part 2:   Plan Payments and Length of Plan

**2.1**   The debtor submits to the supervision and control of the trustee all or such portion of future earnings or other future income as is necessary for the execution of the plan.

Unless all allowed claims (other than long-term claims) are fully paid pursuant to the plan, the debtor will make regular payments to the trustee as follows:

**$985.00** per **Month** for **2** months
**$1,090.00** per **Month** for **1** months

| Debtor | **Bennie Edward Jefferies** | Case number | **18-05645** |
|---|---|---|---|

**$1,150.00** per **Month** for **57** months

*Insert additional lines if needed.*

The debtor and trustee may stipulate to a higher payment in order to provide adequate funding of the plan without the necessity of a modification to the plan. The stipulation is effective upon filing with the Court.

Additional monthly payments will be made to the extent necessary to make the payments to creditors specified in this plan.

**2.2  Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*
- ☐ The debtor will make payments pursuant to a payroll deduction order.
- ☑ The debtor will make payments directly to the trustee.
- ☐ Other (specify method of payment):

**2.3 Income tax refunds.**
*Check one.*
- ☑ The debtor will retain any income tax refunds received during the plan term.
- ☐ The debtor will treat income refunds as follows:

**2.4 Additional payments.**
*Check one.*
- ☑ **None.** If "None" is checked, the rest of § 2.4 need not be completed or reproduced.

**Part 3:  Treatment of Secured Claims**

To receive a distribution from the trustee, a proof of claim, including adequate supporting documentation and filed in compliance with Official Rules and Forms, must be filed with the Court. For purposes of plan distribution, a claim shall be treated as provided for in a confirmed plan. However, if a claim is treated as secured in a confirmed plan and the affected creditor elects to file an unsecured claim, such claim, unless timely amended, shall be treated as unsecured for purposes of plan distribution. Any creditor holding a claim secured by property that is removed from the protection of the automatic stay by order, surrender, or through operation of the plan will receive no further distribution from the chapter 13 trustee on account of any secured claim. This provision also applies to creditors who may claim an interest in, or lien on, property that is removed from the protection of the automatic stay by another lienholder or released to another lienholder, unless the Court orders otherwise, but does not apply if the sole reason for its application arises under 11 U.S.C. § 362(c)(3) or (c)(4). Any funds that would have otherwise been paid to a creditor, but pursuant to these provisions will not be paid, will be distributed according to the remaining terms of the plan. Any creditor affected by these provisions and who has filed a timely proof of claim may file an itemized proof of claim for any unsecured deficiency within a reasonable time after the removal of the property from the protection of the automatic stay. Secured creditors that will be paid directly by the debtor may continue sending standard payment and escrow notices, payment coupons, or inquiries about insurance, and such action will not be considered a violation of the automatic stay.

**3.1  Maintenance of payments and cure or waiver of default, if any.**

*Check all that apply. Only relevant sections need to be reproduced.*

- ☐ None. If "None" is checked, the rest of § 3.1 need not be completed or reproduced.

- ☑ **3.1(b)** The debtor is in default and will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. The arrearage payments will be disbursed by the trustee, with interest, if any, at the rate stated. The trustee shall pay the arrearage as stated in the creditor's allowed claim or as otherwise ordered by the Court.

| Name of Creditor | Collateral | Estimated amount of arrearage | Interest rate on arrearage (if applicable) | Monthly payment on arrearage |
|---|---|---|---|---|
| | | | | |

| Debtor | **Bennie Edward Jefferies** | | Case number | **18-05645** |
|---|---|---|---|---|

| Name of Creditor | Collateral | Estimated amount of arrearage | Interest rate on arrearage (if applicable) | Monthly payment on arrearage |
|---|---|---|---|---|
| **Summer Place Homeowners' Association Inc** | 120 Sunrise Rd Spartanburg, SC 29302 Spartanburg County tax map 7-18-15-014.00 purchased August 2005 for $120,000 value based on county tax assessor site owned jointly with NFS | $675.00 Includes amounts accrued through the **November 2018 pmt** | 0.00% | $12.00 (or more) |
| **Wilmington Savings Fund Society** | 120 Sunrise Rd Spartanburg, SC 29302 Spartanburg County tax map 7-18-15-014.00 purchased August 2005 for $120,000 value based on county tax assessor site owned jointly with NFS | $21,013.04 Includes amounts accrued through the **November 2018 pmt** | 0.00% | $351.00 (or more) |

*Insert additional claims as needed.*

☐ **3.1(c)** The debtor elects to make post-petition mortgage payments to the trustee for payment through the Chapter 13 Plan in accordance with the Operating Order of the Judge assigned to this case and as provided in Section 8.1. In the event of a conflict between this document and the Operating Order, the terms of the Operating Order control.

☐ **3.1(d)** The debtor proposes to engage in loss mitigation efforts with _____ according to the applicable guidelines or procedures of the Judge assigned to this case. Refer to section 8.1 for any nonstandard provisions, if applicable.

*Insert additional claims as needed*

☐ **3.1(e) Other.** A secured claim is treated as set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a treatment is provided in Section 8.1.

*Insert additional claims as needed*

**3.2** **Request for valuation of security and modification of undersecured claims.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 3.2 need not be completed or reproduced.

**3.3** **Other secured claims excluded from 11 U.S.C. § 506 and not otherwise addressed herein.**

*Check one.*

☐ **None.** If "None" is checked, the rest of § 3.3 need not be completed or reproduced.
☑ The claims listed below are being paid in full without valuation or lien avoidance.

These claims will be paid in full under the plan with interest at the rate stated below. These payments will be disbursed either by the trustee or directly by the debtor, as specified below. Holders of secured claims shall retain liens to the extent provided by 11 U.S.C. § 1325(a)(5)(B)(i). Secured creditors paid the full secured claim provided for by this plan shall satisfy any liens within a reasonable time.

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|

| Debtor | **Bennie Edward Jefferies** | | Case number | **18-05645** |
|---|---|---|---|---|

| Name of Creditor | Collateral | Estimated amount of claim | Interest rate | Estimated monthly payment to creditor |
|---|---|---|---|---|
| **Credit Acceptance** | **2008 Lexus GS 350 160,000 miles VIN: JTHBE96S380037089 value based on NADA clean retail value 2008 Lexus GS 350 4dr Sdn RWD V6 eng** | **$11,160.47** | **6.00%** | **$216.00** (or more) Disbursed by: ☑ Trustee ☐ Debtor |
| **OneMain Financial** | **GMCLight Yukon-V8 VIN 1GKEC13T41J269076 40" Emerson TV, 40" Phillips TV security for One Main loan** | **$3,179.18** | **6.00%** | **$62.00** (or more) Disbursed by: ☑ Trustee ☐ Debtor |

*Insert additional claims as needed.*

**3.4    Lien avoidance**.

*Check one.*

☑    **None.** If "None" is checked, the rest of § 3.4 need not be completed or reproduced.

**3.5    Surrender of collateral.**

*Check one.*

☑    **None.** If "None" is checked, the rest of § 3.5 need not be completed or reproduced.

| Part 4: | Treatment of Fees and Priority Claims |
|---|---|

**4.1    General**

The debtor shall pay all post-petition priority obligations, including but not limited to taxes and post-petition domestic support, and pay regular payments on assumed executory contracts or leases, directly to the holder of the claim as the obligations come due, unless otherwise ordered by the Court. Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without postpetition interest.

**4.2    Trustee's fees**

Trustee's fees are governed by statute and may change during the course of the case.

**4.3    Attorney's fees.**

a.    The debtor and the debtor's attorney have agreed to an attorney's fee for the services identified in the Rule 2016(b) disclosure statement filed in this case. Fees entitled to be paid through the plan and any supplemental fees as approved by the Court shall be disbursed by the trustee as follows: Following confirmation of the plan and unless the Court orders otherwise, the trustee shall disburse a dollar amount consistent with the Judge's guidelines to the attorney from the initial disbursement. Thereafter, the balance of the attorney's compensation as allowed by the Court shall be paid, to the extent then due, with all funds remaining each month after payment of trustee fees, allowed secured claims and pre-petition arrearages on domestic support obligations. In instances where an attorney assumes representation in a pending pro se case and a plan is confirmed, a separate order may be entered by the Court, without further notice, which allows for the payment of a portion of the attorney's fees in advance of payments to creditors.

b.    If, as an alternative to the above treatment, the debtor's attorney has received a retainer and cost advance and agreed to file fee applications for compensation and expenses in this case pursuant to 11 U.S.C. § 330, the retainer and cost advance shall be held

| Debtor | **Bennie Edward Jefferies** | Case number | **18-05645** |
|---|---|---|---|

in trust until fees and expense reimbursements are approved by the Court. Prior to the filing of this case, the attorney has received $_____ and for plan confirmation purposes only, the fees and expenses of counsel are estimated at $_____ or less.

**4.4    Priority claims other than attorney's fees and those treated in § 4.5.**

*Check one.*

☐ The debtor is unaware of any priority claims at this time. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

☐ **Domestic Support Claims**. 11 U.S.C. § 507(a)(1):

a. Pre-petition arrearages. The trustee shall pay the pre-petition domestic support obligation arrearage to (name of DSO recipient), at the rate of $_____ or more per month until the balance, without interest, is paid in full. Add additional creditors as needed.

b. The debtor shall pay all post-petition domestic support obligations as defined in 11 U.S.C. § 101(14A) on a timely basis directly to the creditor.

c. Any party entitled to collect child support or alimony under applicable non-bankruptcy law may collect those obligations from property that is not property of the estate or with respect to the withholding of income that is property of the estate or property of the debtor for payment of a domestic support obligation under a judicial or administrative order or a statute.

☑ **Other Priority debt.** The trustee shall pay all remaining pre-petition 11 U.S.C. § 507 priority claims on a pro rata basis. If funds are available, the trustee is authorized to pay on any allowed priority claim without further amendment of the plan.

**4.5    Domestic support obligations assigned or owed to a governmental unit and paid less than full amount.**

*Check one.*

☑ **None.** If "None" is checked, the rest of § 4.5 need not be completed or reproduced.

## Part 5:    Treatment of Nonpriority Unsecured Claims

**5.1    Nonpriority unsecured claims not separately classified.** *Check one*

Allowed nonpriority unsecured claims that are not separately classified will be paid, pro rata by the trustee to the extent that funds are available after payment of all other allowed claims.

☑ The debtor estimates payments of less than 100% of claims.
☐ The debtor proposes payment of 100% of claims.
☐ The debtor proposes payment of 100% of claims plus interest at the rate of %.

**5.2    Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.2 need not be completed or reproduced.

**5.3    Other separately classified nonpriority unsecured claims.** *Check one.*

☑ **None.** If "None" is checked, the rest of § 5.3 need not be completed or reproduced.

## Part 6:    Executory Contracts and Unexpired Leases

**6.1    The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

| Debtor | **Bennie Edward Jefferies** | Case number | **18-05645** |
|---|---|---|---|

☑ **None.** If "None" is checked, the rest of § 6.1 need not be completed or reproduced.

## Part 7: Vesting of Property of the Estate

**7.1  Property of the estate will vest in the debtor as stated below:**
*Check the appliable box:*

☑ Upon confirmation of the plan, property of the estate will remain property of the estate, but possession of property of the estate shall remain with the debtor. The chapter 13 trustee shall have no responsibility regarding the use or maintenance of property of the estate. The debtor is responsible for protecting the estate from any liability resulting from operation of a business by the debtor. Nothing in the plan is intended to waive or affect adversely any rights of the debtor, the trustee, or party with respect to any causes of action owned by the debtor.

☐ **Other.**  The debtor is proposing a non-standard provision for vesting, which is set forth in section 8.1. This provision will be effective only if the applicable box in Section 1.3 of this plan is checked and a proposal for vesting is provided in Section 8.1.

## Part 8: Nonstandard Plan Provisions

**8.1  Check "None" or List Nonstandard Plan Provisions**
☑ **None.** If "None" is checked, the rest of Part 8 need not be completed or reproduced.

## Part 9: Signatures:

**9.1  Signatures of debtor and debtor attorney**

*The debtor and the attorney for the debtor, if any, must sign below.*

X  **/s/ Bennie Edward Jefferies**  
**Bennie Edward Jefferies**  
Signature of Debtor 1

Executed on    **February  5, 2019**

X  **/s/ David C. Gaffney**  
**David C. Gaffney 10112**  
Signature of Attorney for debtor  DCID#

X  _____  
Signature of Debtor 2

Executed on  _____

Date    **February  5, 2019**

**By filing this document, the debtor, if not represented by an attorney, or the debtor and the attorney for the debtor certify(ies) that this Chapter 13 plan contains no nonstandard provision other than those set out in Part 8.**

# United States Bankruptcy Court
### District of South Carolina

In re  **Bennie Edward Jefferies**                                          Case No.   **18-05645**
                                    Debtor(s)                                Chapter    **13**

## CERTIFICATE OF SERVICE

I hereby certify that on **February 11, 2019**, a copy of the Notice of Confirmation Hearing and Modified Plan were served electronically or by regular United States mail to the Trustee and all creditors listed on the attached CMECF mailing matrix.

          **/s/ David C. Gaffney**
          David C. Gaffney 10112
          Gaffney Law Firm, P.A.
          P.O. Box 3966
          West Columbia, SC 29171-3966
          803-781-0500Fax:803-454-9900
          david@gaffneylawfirm.com

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0420-7<br>Case 18-05645-hb<br>District of South Carolina<br>Spartanburg<br>Mon Feb 11 10:45:58 EST 2019 | CW Nexus Credit Card Holdings lo LLc<br>Resurgent Capital Services<br>PO Box 10368<br>Greenville, SC 29603-0368 | Chase Card Services<br>Correspondence Dept<br>Po Box 15298<br>Wilmington DE 19850-5298 |
| Community Choice Financial<br>Attn: Bankruptcy<br>6785 Bobcat Way<br>Dublin OH 43016-1443 | Credit Acceptance<br>25505 West 12 Mile Rd<br>Suite 3000<br>Southfield MI 48034-8331 | Cw Nexus Credit Card<br>101 Crossways Park Dr W<br>Woodbury NY 11797-2020 |
| Equifax<br>Po Box 740241<br>Atlanta GA 30374-0241 | Experian (www dispute)<br>PO Box 2002<br>Allen TX 75013-2002 | David C. Gaffney<br>Gaffney Law Firm, P.A.<br>PO Box 3966<br>West Columbia, SC 29171-3966 |
| Gwendolyn Jefferies<br>120 Sunrise Rd<br>Spartanburg SC 29302-3728 | Gretchen D. Holland<br>Ch. 13 Trustee Office<br>20 Roper Corners Circle, Suite C<br>Greenville, SC 29615-4889 | Innovis<br>PO Box 1689<br>Pittsburgh PA 15230-1689 |
| Internal Revenue Service (p)<br>Centralized Insolvency Operation<br>PO Box 7346<br>Philadelphia PA 19101-7346 | Bennie Edward Jefferies<br>120 Sunrise Rd<br>Spartanburg, SC 29302-3728 | OneMain<br>PO Box 3251<br>Evansville, IN 47731-3251 |
| OneMain Financial<br>Attn: Bankruptcy<br>601 Nw 2nd Street<br>Evansville IN 47708-1013 | Rogers Townsend and Thomas<br>PO Box 100200<br>Columbia SC 29202-3200 | S.C. Department of Revenue<br>Correspondence<br>PO Box 125<br>Columbia SC 29202-0125 |
| S.C. Department of Revenue<br>GEAR<br>300A Outlet Pointe Boulevard<br>Columbia SC 29210-5666 | S.C. Department of Revenue<br>PO Box 12265<br>Columbia SC 29211-2265 | Sc Telco Fed Cr Un<br>Attn: Bankruptcy Department<br>420 E. Park Ave.<br>Greenville SC 29601-2257 |
| Summer Place Homeowners Association Inc<br>316 Sundance Way<br>Spartanburg SC 29302-3725 | Tax Collector<br>Spartanburg County<br>Admin bldg. Main Level; Suite 400<br>366 N. Church St.<br>Spartanburg SC 29303-3637 | Trans Union<br>PO Box 1000<br>Chester PA 19016-1000 |
| Treasurer<br>Spartanburg County<br>PO Box 5807<br>Spartanburg SC 29304-5807 | US Trustee's Office<br>Strom Thurmond Federal Building<br>1835 Assembly St.<br>Suite 953<br>Columbia, SC 29201-2448 | U.S. Attorney Office<br>Attn: Civil Process Clerk<br>55 Beattie Place Ste 700<br>Greenville SC 29601-2168 |
| U.S. Attorney's Office (P)<br>District of South Carolina<br>Attn: Civil Process Clerk<br>1441 Main St Ste 500<br>Columbia SC 29201-2897 | (p)INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | (p)WELLS FARGO BANK NA<br>1 HOME CAMPUS<br>MAC X2303-01A<br>DES MOINES IA 50328-0001 |

```
Wilmington Savings Fund Society        Wilmington Savings Fund Society, FSB,    Jason D Wyman
c/o Select Portfolio Servicing Inc     c/o Select Portfolio Servicing, Inc.     Rogers Townsend & Thomas, PC
Attn: Bankruptcy                       P.O. Box 65250                           PO Box 100200
PO Box 65250                           Salt Lake City, UT 84165-0250            Columbia, SC 29202-3200
Salt Lake City UT 84165-0250
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

```
US Department of the Treasury          Wells Fargo Bank
Bureau of the Fiscal Service           Attn: Bankruptcy Dept
Debt Management Services               Po Box 6429
PO Box 1686                            Greenville SC 29606
Birmingham AL 35201
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

```
(u)Wilmington Savings Fund Society, FSB, d/b/     End of Label Matrix
                                                  Mailable recipients   32
                                                  Bypassed recipients    1
                                                  Total                 33
```